UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYAJAH WILLIAMS,<br><br>  Plaintiff,<br>  v.<br><br>RECOVERY INNOVATIONS INC et al.,<br><br>  Defendant. | CASE NO. 3:24-cv-05496-DGE<br><br>ORDER ON MOTION TO SERVE<br>BY PUBLICATION (DKT. NO. 16) |

**I    INTRODUCTION**

This matter comes before the Court on Plaintiff Tyajah Williams' motion to serve Defendant Michael Giles by publication.  (Dkt. No. 16.)  Having considered the motion, supporting declarations, and the remainder of the record, the Court DENIES Plaintiff's motion for the reasons described herein.

**II    BACKGROUND**

This case was removed from Pierce County Superior Court on June 24, 2024.  (Dkt. No. 1.)  Plaintiff is suing Recovery Innovations Incorporated and Michael Giles, an individual

ORDER ON MOTION TO SERVE BY PUBLICATION (DKT. NO. 16) - 1

Defendant, for common law wrongful discharge, unlawful discharge, wage theft, and violations of the Washington Law Against Discrimination (WLAD), the Family Medical Leave Act (FMLA), and Washington's Paid Family Leave Act (PMLA). (Dkt. No. 1-1 at 6–9.) Defendant Recovery Innovations has filed an Answer to Plaintiff's Complaint. (Dkt. No. 16.)

Plaintiff has had trouble locating Defendant Giles for service of process. Plaintiff's counsel "performed a search through Accurint, a public records database, to locate address information to properly serve Mr. Giles." (Dkt. No. 16 at 2.) The search returned an address in Pierce County, Washington. (*Id*.) Plaintiff's counsel then enlisted David Adamov of Premium Process Service to effect service at that address. When service was attempted on June 4, 2024, a woman answered the door and stated that "she did not know anyone by the name Michael Giles." (*Id*; Dkt. No. 16-4 at 2.) Plaintiff then located another address for Giles in King County, Washington. (Dkt. Nos. 16 at 2, 16-3 at 1.) On June 6, 2024, Adamov personally served a man at that address who "was later determined to be the incorrect Michael Giles." (*Id.*; Dkt. No. 16-4 at 2). Based on these facts, Plaintiff states that "Mr. Giles has concealed himself in the state to avoid the service." (Dkt. No. 16 at 1.) Accordingly, Plaintiff requests that the Court grant her leave to serve Defendant Giles by publication in compliance with Washington Revised Code § 4.28.100. (*Id*. at 3.)

### III   DISCUSSION

A plaintiff may serve an individual by leaving a copy of the summons and complaint with the individual personally, with someone of suitable age and discretion at the individual's home, or with an authorized agent. Fed. R. Civ. P. 4(e)(2). A plaintiff may also effect service by "following state law for serving a summons in an action brought in the courts of general

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Washington allows for service by publication in certain limited circumstances. *See* Wash. Rev. Code § 4.28.100. As relevant here, a Plaintiff must file an affidavit establishing that "the defendant, being a resident of this state, has departed therefrom with intent to defraud his or her creditors, or to avoid the service of a summons, or keeps himself or herself concealed therein with like intent." Wash. Rev. Code § 4.28.100(2). The Plaintiff must also mail a copy of the summons and complaint to the defendant's residence unless the residence is not known to the Plaintiff. Wash. Rev. Code § 4.28.100.

Service by publication or mail is "in derogation of the common law" and disallowed when personal service is possible. *Rodriguez v. James-Jackson*, 111 P.3d 271, 274 (Wash. Ct. App. 2005). Strict compliance with the authorizing statute is required. *Id*. Washington courts require a plaintiff to have made an "honest and reasonable effort" to find a defendant and "reasonably diligent efforts" to effect personal service. *Id.* Moreover, "conclusory allegations and bare recitations of the statutory factors are insufficient to permit service by publication." *Canal Ins. Co. v. Mengeste*, No. 2:18-CV-01833-RAJ, 2019 WL 2491951, *2 (W.D. Wash. June 14, 2019). Instead, a Plaintiff must produce facts that support the conclusion that a defendant's change of residence was undertaken with the intent required by the statute. *Id.; see also Bruff v. Main*, 943 P.2d 295, 297 (Wash. App. 1997). Plaintiff must therefore produce facts showing: (1) reasonably diligent efforts to personally serve Defendant and (2) that Defendant, with the intent to defraud or avoid service, has either left the state or concealed himself within. *See Id.; see also Lumico Life Ins. Co. v. Adams*, 2021 WL 22587, at *3 (W.D. Wash. Jan. 4, 2021) (rejecting suggestion that service by publication is warranted based on reasonable efforts to locate alone

and finding that plaintiff failed to provide facts clearly showing defendant was a Washington resident or departed the state or concealed himself within with the intent to defraud or avoid service).

Based on Plaintiff's motion and supporting declarations, it appears Plaintiff has engaged in reasonably diligent efforts to serve Defendant by attempting to serve him at two possible addresses in Washington.  (Dkt. No. 16-4 at 1–2.)  Nevertheless, Plaintiff has yet to fulfill the statutory requirements of Washington Revised Code § 4.28.100.  Plaintiff has failed to provide facts clearly showing Defendant: (1) is in fact a resident of Washington and (2) has specifically departed from Washington with intent to defraud his creditors, to avoid service of a summons, or is keeping himself concealed with like intent.  *See* Wash. Rev. Code § 4.28.100(2).  Instead, Plaintiff has merely demonstrated that Plaintiff's counsel has not located Defendant Giles based on the information available.  Although the Court recognizes Plaintiff has put forth effort to search and serve Defendant, Plaintiff fails to meet the requirements to authorize service by publication in this case.  *Charboneau Excavating, Inc. v. Turnipseed*, 75 P.3d 1011, 1014–15 (Wash. Ct. App. 2003) (finding service by publication was not warranted in absence of any evidence defendant was trying to conceal himself to avoid service of process); *Bruff*, 943 P.2d at 297 (same); *Kent v. Lee*, 762 P.2d 24, 26 (Wash. Ct. App. 1988) (finding Washington Revised Code § 4.28.100(2) does not authorize service by publication "simply because a defendant cannot be found, but only if, in addition, one of the specific factual requirements of [Washington Revised Code § 4.28.100(2)] can be shown.").

Thus, Plaintiff's motion to serve by publication is DENIED.

## IV  CONCLUSION

Accordingly, and having considered Plaintiff's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiff's motion to serve defendant Giles by publication is DENIED.

Dated this 17th day of October, 2024.

David G. Estudillo
United States District Judge