UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYAJAH WILLIAMS,<br><br>                  Plaintiff,<br>    v.<br><br>RECOVERY INNOVATIONS INC et al.,<br><br>                  Defendant. | CASE NO. 3:24-cv-05496-DGE<br><br>ORDER ON MOTION FOR CONTINUANCE (DKT. NO. 21) |

This matter comes before the Court on Plaintiff Tyajah Williams' motion to continue. (Dkt. No. 21.)  Plaintiff gave birth to her first child in mid-January of 2025 and experienced a difficult delivery.  (*Id*. at 1.)  Her medical recovery was ongoing as of late February 2025, and her doctors determined that she is at a high risk of preeclampsia.  (*Id*. at 1.)  Because Plaintiff is "recuperating from a potentially life-threatening medical condition" and "needs to bond with her newborn child for 12 weeks after giving birth," Plaintiff requested a ninety-day continuance of all case deadlines that had not yet passed.  (*Id*. at 1–2.)  Documentation from Plaintiff's doctors confirms that she was at "a high risk for post-partum pregnancy complications" until at least the

1  six-week post-partum mark of February 25, 2025, at which point she would be re-evaluated.
2  (Dkt. No. 21-3 at 11.) Plaintiff's symptoms include "severe headache, vomiting, and vision
3  problems," which interfere with her ability to participate in the case. (Dkt. No. 21 at 3.)
4  Plaintiff's deposition is not yet complete. (*Id*. at 1.)

5        Defendant opposes Plaintiff's motion, arguing that "the pending delivery of Plaintiff's
6  child in January 2025 was presumably known to Plaintiff at the time of the September 2024
7  scheduling conference but not disclosed" and that "because the Plaintiff has already been
8  deposed for nearly 4.5 hours in December 2024, her maternity leave should not impede the
9  conduct of other discovery (third party witnesses and expert witnesses) for which her direct
10 presence is not required." (Dkt. No. 24 at 1–2.) Defendant further complains that "Plaintiff's
11 request is vague on details of Plaintiff's medical condition." (*Id*. at 2.) In the event the Court
12 "does consider Plaintiff's request to be good cause," Defendant requests that the Court consider a
13 lesser extension period, such as six weeks. (*Id*.) Plaintiff replies: "a high-risk pregnancy is not
14 something that can be easily predicted." (Dkt. No. 25 at 1.) Additionally, Plaintiff points out
15 that Defendant's "claim that discovery can continue without the participation and assistance of
16 the Plaintiff in her own cases is unreasonable in light of the need for counsel to consult with his
17 client, violates due process, is unsupported by any citation to authority, and is contradicted by
18 their sexist claim that Ms. Williams should dismiss her case because she is a new mother." (*Id*.
19 at 2.) "Plaintiff's counsel must be able to confer with his client about the case in order to pursue
20 it ethically and responsibly," Plaintiff states, and Plaintiff's "recovery has interfered with
21 communications between her and her legal team." (*Id*. at 2.) Plaintiff concludes by asserting
22 that "[i]f she is denied the continuance, she will be irrevocably and unfairly prejudiced in her
23 presentation of this case." (*Id*. at 3.)
24

Scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Labor and childbirth are serious and life altering medical events that undoubtedly meet the "good cause" standard. Defendant's assertion that Plaintiff could have anticipated medical complications in her delivery is both unpersuasive and uncouth. Accordingly, the Court will GRANT the continuance because pregnancy and childbirth are undoubtedly "good cause" to modify the scheduling order, and because Defendant has not identified any specific source of prejudice (e.g., unavailability of witnesses) that would result from a delay. As three weeks have already elapsed since the filing of the motion to continue, the Court ORDERS a continuance of all case deadlines that have not passed by seventy (70) days.

The Parties, through counsel, SHALL confer and prepare a joint status report identifying unavailable dates for trial beginning 70 days after the current trial date. The joint status report SHALL be filed no later than March 21, 2025.

The Clerk is directed to calendar this event.

Dated this 12th day of March, 2025.

David G. Estudillo
United States District Judge