UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYAJAH WILLIAMS,<br><br>           Plaintiff,<br>   v.<br><br>RECOVERY INNOVATIONS INC et al.,<br><br>           Defendants. | CASE NO. 3:24-cv-05496-DGE<br><br>ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) |

## I    INTRODUCTION

Before the Court are Defendants' Recovery Innovations Inc. ("RI") and Michael Giles's request for a certificate of interlocutory appeal (Dkt. No. 67) and motion for reconsideration (Dkt. No. 70) of the Court's order granting in part and denying in part Plaintiff's motion to amend judgment (Dkt. No. 66.)  Plaintiff opposes both.  (*See* Dkt. Nos. 69, 73.)  For the reasons that follow, the Court DENIES both Defendants' request for certification (Dkt. No. 67) and their motion for reconsideration (Dkt. No. 70).

## II    BACKGROUND

The Court refers to Dkt. No. 66 for the full factual and procedural background underlying this order. On May 12, 2026, the Court granted in part and denied in part Plaintiff's motion to amend the judgment (Dkt. No. 59) related to the Court's order granting summary judgment (Dkt. No. 56). The Court affirmed its original dismissal of all of Plaintiff's claims except for her claim of wrongful discharge in violation of public policy. (Dkt. No. 66 at 10–14.) Specifically, the Court found that while Plaintiff's claim was not "nearly as detailed as one might prefer," it was sufficient to overcome summary judgment. (*Id.* at 13–14.)

On May 15, 2026, Defendants filed a request for a certificate of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Dkt. No. 67.) They contend a certificate is appropriate for two reasons: first, because the Court made an "unprecedented finding" that expanded the first and second prongs of the tort of wrongful discharge in violation of public policy; and second, that the Court's order was inconsistent with its original order granting summary judgment. (*Id.* at 2.) The Court, via minute order, ordered Plaintiff to respond to Defendants' request (Dkt. No. 68), which Plaintiff filed on May 20, 2026. (Dkt. No. 69.)

On May 21, Defendants also filed a motion for reconsideration (Dkt. No. 70) of the Court's order on the motion to amend, seeking reconsideration on four grounds. The first three relate to errors Defendants believe were made by the Court in analyzing three of the elements of a wrongful discharge claim. (*Id.* at 1–2.) The fourth is that the Court erred in converting Plaintiff's motion, which was brought under Federal Rule of Civil Procedure 59, into a motion for reconsideration without allowing Defendants to brief the less onerous standard of Local Civil Rule 7(h). (*Id.* at 2–3.) Again, the Court ordered Plaintiff to respond (Dkt. No. 71); Plaintiff filed her opposition on June 4, 2026. (Dkt. No. 73.) This matter is now ripe for disposition.

ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) - 2

### III    DISCUSSION

#### A.  Certificate for Interlocutory Appeal

Under 28 U.S.C. § 1292(b), three certification requirements must be met: (1) there must a be a "controlling question of law"; (2) there must be "substantial grounds for difference of opinion"; and (3) an immediate appeal "may materially advance the ultimate termination of litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).  If those requirements are met, the Court of Appeals may, but is not required to, exercise jurisdiction.  *Id.* If they are not met, the Court of Appeals lacks jurisdiction to hear the matter.  *Aldapa v. Fowler Packing Co. Inc.*, Case No. 1:15–cv–00420–DAD–SAB, 2016 WL 8731316, at *1 (E.D. Cal. Aug. 26, 2016) (first citing 28 U.S.C. § 1291, then citing *Couch v. Telescope, Inc.*, 611 F.3d 629, 632–633 (9th Cir. 2010)).

For an issue to be a "controlling question of law," the party seeking certification must show "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Cement Antitrust*, 673 F.3d at 1026.  Neither of Defendants' bases for requesting the certificate suffice.  First, Defendants state the Court made an "unprecedented finding" that expanded the first and second prongs of the public policy tort by effectively "removing the intent requirement from the public policy tort[,]" which "turns the tort into a matter of strict liability[.]" (Dkt. No. 67 at 2–3) (citing Dkt. No. 66 at 13).  Though Defendants style this finding as an "expansion" of the public policy tort (Dkt. No. 67 at 2), what they really argue is that the undersigned applied the law incorrectly to the facts presented.  Defendants disagree a reasonable jury could conclude that RI's conduct—i.e., acknowledging Plaintiff had applied for Washington Paid Family and Medical Leave ("PFML") benefits and then terminating her, as evidenced by Dkt. No. 47-34—would have discouraged employees from seeking protected leave in

ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) - 3

Washington. Defendants believe such a conclusion conflicts with the Court's explicit finding that RI never confirmed whether Plaintiff was approved for PFML benefits.[1] But in the Court's view, these are distinct factual findings. At most, Defendants raise a mixed question of law and fact or an application of law to a specific set of facts, neither of which are a "controlling question of law." *See Aldapa*, 2016 WL 8731316, at *1 (collecting cases); *Jaco v. WinCo Holdings, Inc.*, Case No. 1:18-cv-00301-DAD-EPG, 2019 WL 2615739, at *2 (E.D. Cal. June 26, 2019) (same).

Second, Defendants argue the Court's order was inconsistent with its original order granting summary judgment. (Dkt. No. 67 at 2.) This is true—as the Court explained to the Parties during the hearing, its confusion regarding one of Plaintiff's citations led to a fresh review of all issues raised in Plaintiff's motion to amend. (*See also* Dkt. No. 66 at 8–9.) But the Court choosing to act in its discretion to revisit the claims raised in Plaintiff's motion, because of the Court's misunderstanding, does not make that decision a "controlling question of law" merely because some issues were decided differently upon further review. *E.g.*, *Hunt v. Carona*, Case No. CV 07-00705 MMM (MLGx), 2009 WL 10702547, at *4 (C.D. Cal. Oct. 15, 2009) ("A court's exercise of discretion is not generally an appropriate subject for interlocutory appeal as the court's exercise of discretion is not a controlling issue of law."); *Capitol Speciality Ins. Corp. v. Colo. River Consulting Inc.*, Case No. CV-21-00858-PHX-ROS, 2026 WL 1020667, at *4 (D. Ariz. Apr. 15, 2026) ("[T]he Court's decisions regarding both jury instructions were discretionary and so are generally not appropriate for interlocutory appeal.").

Even assuming there was a controlling question of law at play here, the controlling law is not unclear. *Couch*, 611 F.3d at 633. Traditionally, courts find a substantial ground for a

---

[1] The Court acknowledged that Plaintiff's unlawful discharge claim was "not nearly as detailed as one might prefer" but, construing all facts in favor of Plaintiff, concluded it was sufficient to overcome summary judgment. (Dkt. No. 66 at 13–14.)

ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) - 4

difference of opinion exists if "'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (citation omitted). It does not exist merely because of "a party's strong disagreement with the Court's ruling[.]" *Id.* (citations and quotation marks omitted) (cleaned up). Defendants have not pointed to any legal authority that conflicts with the Court's findings, nor explained why this case presents a novel question of first impression. Additionally, Defendants' request for interlocutory appeal is inappropriate because it involves a question of the application of pure state law to the facts of this case. *See, e.g.*, *Hubbard v. Phil's BBQ of Point Loma, Inc.*, Case No. 09CV0735-LAB (CAB), 2010 WL 3069703, at *1 (S.D. Cal. Aug. 4, 2010) ("The issues presented here are questions of California state law. . . . The California Supreme Court has not ruled on the precise issues concerning valuation presented here. The Ninth Circuit would have no more or better information than this Court does."); *Ash Grove Cement Co. v. Liberty Mut. Ins. Co.*, Case No. 09–239–KI, 2011 WL 96679, at *2 (D. Or. Jan. 10, 2011) ("Federal rulings on state law issues generally do not affect the state's law, because state courts are not bound by the decisions of the lower federal courts."); *Couch*, 611 F.3d at 634 ("Federal rulings on state-law issues generally don't affect the state's law.").

Finally, certification would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Though the Court revived one of Plaintiff's causes of action (*see* Dkt. No. 66), it has substantially narrowed this case to just a single law tort claim. Certifying an appeal would send this claim to the Ninth Circuit, and if this Court's order was affirmed, the Parties would be in precisely the same place they are now: preparing to go to trial on Plaintiff's lone tort claim. In this way, certifying an appeal may "'actually delay the

ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) - 5

resolution of the litigation[.]'" *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 880 (C.D. Cal. 2012) (citation omitted).  Defendants' request for a certificate of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is therefore DENIED.

### B.  Motion for Reconsideration

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Defendants argue the Court should reconsider its order for four reasons:

- The order is internally inconsistent with regard to prong three of the unlawful discharge tort because it found an issue of fact as to whether Plaintiff's PFML leave caused Defendant to terminate Plaintiff, even after finding Defendant never knew whether Plaintiff's PFML benefits had been approved;

ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) - 6

- This inconsistency creates an error on prong two of the unlawful discharge tort, because Defendant could not be unaware of Plaintiff's PFML benefits and also act to discourage PFML leave;

- The Court's finding that the PFML was a clear public policy is inconsistent with the Court's dismissal of Plaintiff's retaliation claim and makes the "public policy claim [] essentially duplicative of Plaintiff's PFML retaliation claim"; and

- The Court's conversion of Plaintiff's motion to amend into a motion for reconsideration prejudiced Defendants because they were unable to brief the lower standard under Local Civil Rule 7(h).

(Dkt. No. 70 at 1–3.)  The Court notes as a preliminary matter that Defendants do not appear to present new facts or legal authority and therefore assumes they rely on the "manifest error in the prior ruling" option for seeking reconsideration.  *See* LCR 7(h)(1).

Defendants' first two bases for reconsideration go to the merits of the Court's order allowing Plaintiff's wrongful discharge claim to proceed past summary judgment.  To establish a prima facie claim of wrongful discharge in violation of public policy under Washington law, an employee must show (1) that his or her "'discharge may have been motivated by reasons that contravene a clear mandate of public policy,' and (2) that the public-policy-linked conduct was a significant factor in the decision to discharge the worker." *Mackey v. Home Depot USA, Inc.*, 459 P.3d 371, 384 (Wash. Ct. App. 2020) (internal citations and quotation marks omitted). There are four scenarios to which Washington courts have generally limited wrongful discharge claims:

> (1) where employees are fired for refusing to commit an illegal act; (2) where employees are fired for performing a public duty or obligation, such as serving jury duty; (3) where employees are fired for exercising a legal right or privilege,

ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) - 7

such as filing workers' compensation claims; and (4) where employees are fired in retaliation for reporting employer misconduct, i.e., whistleblowing.

*Martin v. Gonzaga Univ.*, 425 P.3d 837, 843 (Wash. 2018) (en banc) (citation omitted).

However, if the employee's case "does not fit neatly within one of these scenarios," *id.* (citing *Becker v. Cmty. Health Sys., Inc.*, 359 P.3d 746, 749 (Wash. 2015) (en banc)), courts should apply a four-part framework:

> (1) The plaintiffs must prove the existence of a clear public policy (the clarity element). (2) The plaintiffs must prove that discouraging the conduct in which they engaged would jeopardize the public policy (the jeopardy element). (3) The plaintiffs must prove that the public-policy-linked conduct caused the dismissal (the causation element). (4) The defendant must not be able to offer an overriding justification for the dismissal (the absence of justification element).

*Id.*

Defendants argue the Court's order is inconsistent because it (1) found RI was unaware Plaintiff's PFML benefits had been approved yet (2) found a question of fact as to whether RI's conduct (viewed in the light most favorable to Plaintiff) would discourage employees from pursuing leave benefits, in conflict with Washington public policy.  (Dkt. No. 70 at 1–2.) Defendant argues "[b]oth cannot be true."  (*Id.* at 2.)

As discussed in its order, the Court concluded RI, at the very least, knew Plaintiff had *applied* for PFML benefits.  (*See* Dkt. No. 66 at 13) (citing Dkt. No. 47-34 at 2).  It also concluded RI did not know whether Plaintiff had actually been approved for PFML benefits from the state.[2]  (Dkt. No. 66 at 4, 17; *see also* Dkt. No. 47-33 at 85–86.)  But an employer does not

---

[2] In her response to Defendants' motion for reconsideration, Plaintiff appears to collapse the distinction between the two as well.  She notes that the Court found RI was aware of Plaintiff's application for PFML, but then argues, "[e]ven if the Court had actually found that Defendants were unaware of [Plaintiff]'s PFML approval status . . . ."  (Dkt. No. 73 at 3–4.)  To clarify: the Court did make that finding.  (*See* Dkt. No. 66 at 4, 17.)  Though the Court agrees that an unlawful discharge claim "is concerned with whether an employer attempts to chill the use of a legal right, not whether the strictures of exercising the right have been followed[]" (Dkt. No. 73

ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) - 8

need to know definitively that an employee is *receiving* paid benefits to take action against them for *seeking* paid benefits—knowledge that the employee is *pursuing* protected leave, on its own, is sufficient.  In other words, an employer could terminate its employee for seeking protected leave whether or not the employer knew the employee's leave benefits were ultimately approved—and that action would impede Washington's public policy encouraging employees to take advantage of protected leave.  Applied tangibly to the facts of this case: having concluded a reasonable jury might find the Teams messages between Rochelle Williams and McKenna Haig show that RI decided to terminate Plaintiff because she pursued leave benefits (*see* Dkt. No. 47-34 at 2), the jury could also conclude Washington's public policy was violated.  Construing all facts in Plaintiff's favor, this conclusion is consistent with the Court's order on Plaintiff's motion to amend.  (*See* Dkt. No. 66 at 13.)  Consequently, there is no manifest error.

As for the third argument Defendants raise, Plaintiff's PFML retaliation claim has distinct elements from Plaintiff's wrongful discharge claim.  In particular, the Court previously concluded that Plaintiff, among other things, was required to establish she was entitled to leave benefits—which Plaintiff did not establish.  (Dkt. No. at 56 at 23–24.)  But again, the fact that Plaintiff may not ultimately have been entitled to receive leave benefits is separate from whether she was entitled to *pursue* leave benefits in the first place.  The latter, as the Court has found, is protected by Washington public policy.  In addition, Plaintiff did not raise a PFML retaliation claim in her motion to amend (*see generally* Dkt. No. 59), so the Court analyzed only the basis for retaliation advanced in the motion to amend (Dkt. No. 66 at 14–15) (WLAD retaliation).  The

---

at 4), RI clearly never knew whether Plaintiff's leave benefits were approved and considered her to be on "pending unapproved leave status" the entire time she was on leave.  (Dkt. Nos. 47-33 at 85–86; 66 at 4, 17.)  Plaintiff's own evidence supports this (*see* Dkt. No. 47-34 at 2) and she did not challenge this finding at the hearing.

ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) - 9

Court dismissed that claim (*id.* at 15); which Plaintiff expressly acknowledges.  (*See* Dkt. No. 73) ("The tort of Retaliation . . . has been decisively dismissed by this Court").  There are no conflicting adjudications; Plaintiff has no live retaliation claim before the Court, whether premised on PFML or WLAD.

Finally, Defendants argue they were prejudiced when the Court *sua sponte* decided to convert Plaintiff's motion to amend into a motion for reconsideration.  (Dkt. No. 70 at 2.)  But aside from invoking due process concerns generally, Defendants do not explain *how* they were prejudiced.[3]  Further, they acknowledge this Court has "inherent power to recast motions" as long as "'the exercise of [the] inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute.'"  (*Id.*) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016)).  But without some analysis as to why the Court committed a manifest error in doing so in this instance, the Court cannot find the standard for reconsideration has been satisfied.  *See* LCR 7(h)(1).  Defendants' motion for reconsideration (Dkt. No. 70) is therefore DENIED.

[3] Defendants' reference to *Jones v. L.A. Cent. Plaza LLC* does not help them.  There, the Ninth Circuit chided the district court for its "reverse conversion of a summary judgment motion into a pleadings motion[,]" which was problematic because it converted a motion "addressed to the adequacy of the *evidence* of standing into a [motion] addressed to the adequacy of the complaint's *allegations* of standing."  74 F.4th 1053, 1059 (9th Cir. 2023) (emphasis added).  The court examined the "practical effect" of the conversion: "For a district court to ignore the parties' factual presentation on summary judgment, and to instead insist on raising *sua sponte* an unobjected-to-but-potentially-curable deficiency only *after* the time to amend has expired, seems hardly to promote the just determination of the action."  *Id.* at 1059–1060.  Here, Defendants do not explain how this Court's treatment of Plaintiff's motion to amend is similar to the district court's actions in *Jones*, nor how the outcome of this Court's order would have changed if it had applied the standard under Federal Rule of Civil Procedure 59 instead.

ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) - 10

## IV    CONCLUSION

The Court has considered Defendants' request for a certificate of interlocutory appeal (Dkt. No. 67), motion for reconsideration (Dkt. No. 70), Plaintiff's responses (Dkt. Nos. 69, 73), and the rest of the relevant record.  Defendants' request for certification (Dkt. No. 67) and motion for reconsideration (Dkt. No. 70) are DENIED.

Dated this 1st day of July 2026.

_____
David G. Estudillo
United States District Judge

ORDER ON REQUEST FOR CERTIFICATE OF INTERLOCUTORY APPEAL (DKT. NO. 67) AND MOTION FOR RECONSIDERATION (DKT. NO. 70) - 11