UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYAJAH WILLIAMS, | CASE NO. 3:24-cv-05496-DGE |
| Plaintiff, | ORDER ON PLAINTIFF'S |
| v. | MOTION TO WITHDRAW AS ATTORNEY (DKT. NO. 79) |
| RECOVERY INNOVATIONS INC. et al., | |
| Defendants. | |

On July 7, 2026, Attorney John M. Cummings filed a notice of withdrawal as counsel in this matter. (Dkt. No. 76.) Previously, Plaintiff filed a notice of Association of Attorney Philip A. Talmadge on March 5, 2026 (*see* Dkt. No. 63) who is an attorney of record in this case; however, Mr. Cummings's notice of withdrawal did not mention Mr. Talmadge and instead stated that all future service should be on Plaintiff directly. On July 8, 2026, the Court issued an order to show cause requiring Mr. Cummings and Mr. Talmadge to explain this discrepancy. (*See* Dkt. No. 77.)

ORDER ON PLAINTIFF'S MOTION TO WITHDRAW AS ATTORNEY (DKT. NO. 79) - 1

On July 9, 2026, Mr. Talmadge filed a "Status Report re Attorney Representation" and a motion to withdraw as attorney.  (Dkt. Nos. 78, 79.)  In his status report, Mr. Talmadge explains that he was "engaged [by Mr. Cummings] to assist on a possible Ninth Circuit appeal of the dismissal decision[,]"[1] but that need was obviated after the Court issued its order on May 12 "preserving a claim for [Plaintiff] for trial." (Dkt. No. 78 at 1–2) (referring to Dkt. No. 66).  His assistance in this matter was limited to assisting Mr. Cummings in responding to Defendants' efforts to seek a certificate of interlocutory appeal, and his "role as potential appellate counsel" concluded after the Court denied Defendants' request.  (Dkt. No. 78 at 2; *see also* Dkt. No. 75.)  Mr. Talmadge states he was "unaware" Mr. Cummings intended to withdraw.  (Dkt. No. 78 at 2.)

Mr. Talmadge now moves pursuant to Local Civil Rule 83.2(b)(1) to withdraw as counsel for Plaintiff.  (Dkt. No. 79 at 1.)  He states his involvement in this case was only for purposes of a possible appeal and he never expected to represent Plaintiff at trial.  (*Id.*)

Local Civil Rule 83.2(b)(1) sets forth the conditions under which an attorney may withdraw from representation in a civil case:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3).  Leave shall be obtained by filing a motion or a stipulation and proposed order for withdrawal or, if appropriate in a criminal case, by complying with the requirement of CrR 5(g).  A motion for withdrawal shall be noted in accordance with LCR 7(d)(3) or CrR 12(b) (criminal cases) and shall include a certification that the motion was served on the client and opposing counsel.  A stipulation and proposed order for withdrawal must (1) be signed by all opposing counsel or pro se parties, and (2) be signed by the party's new counsel, if appropriate, or by the party.  If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number.  The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cutoff date in a civil case, and at the discretion of the court in a criminal case.

---

[1] The Court initially granted summary judgment to Defendants on all of Plaintiff's claims. (*See* Dkt. No. 56.)

ORDER ON PLAINTIFF'S MOTION TO WITHDRAW AS ATTORNEY (DKT. NO. 79) - 2

In deciding a motion to withdraw, courts in this district examine factors including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Wagner v. King Cnty.*, Case No. 2:21-cv-00508-TL, 2022 WL 268831, at *1 (W.D. Wash. Jan. 28, 2022) (citation omitted). District courts have discretion to approve or deny a motion to withdraw as counsel. *McNall v. Pac. Ret. Servs., Inc.*, 859 Fed. App'x 48, 49 (9th Cir. 2021) ("We review for an abuse of discretion a district court's ruling on an attorney's motion to withdraw.").

Here, Mr. Talmadge has certified that his motion has been served on all parties and counsel of record. (*See* Dkt. No. 79-2.) Though the timing for the withdrawal of Plaintiff's counsel is not ideal, this case has been significantly narrowed to a single claim. Discovery is closed and dispositive motions have been ruled on (with the exception of Defendants' *Daubert* motion, which remains pending). (*See* Dkt. No. 35.) Presumably Mr. Talmadge's withdrawal will prejudice Plaintiff to an extent, as it leaves her without representation; however, the Court appreciates Mr. Talmadge's limited role in this litigation and notes that it is Mr. Cummings's withdrawal, rather than Mr. Talmadge's, that impacts Plaintiff the most. Notwithstanding, the Court finds Mr. Talmadge has demonstrated good cause for his withdrawal. (*See generally* Dkt. No. 78.)

The Court therefore GRANTS Plaintiff's motion for withdrawal of attorney Philip A. Talmadge (Dkt. No. 79). The Clerk shall update the docket to reflect the withdrawal of both Mr. Cummings and Mr. Talmadge.

Mr. Talmadge's withdrawal will leave Plaintiff unrepresented and thus proceeding pro se in this matter. Litigants have a right to self-representation in civil matters. *See* 28 U.S.C.

ORDER ON PLAINTIFF'S MOTION TO WITHDRAW AS ATTORNEY (DKT. NO. 79) - 3

§ 1654.  "While pro se pleadings are held to less stringent standards than those prepared by attorneys, pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Buchanan v. Simplot Feeders, LLC*, Case No. 4:19-CV-5209-TOR, 2023 WL 6800512, at *1 (E.D. Wash. July 27, 2023) (citing *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986)).  Plaintiff is hereby advised to locate substitute counsel or proceed pro se.  Plaintiff is advised that she will be held to the same standard as the parties with counsel in this case.  All Parties are expected to follow the Federal Rules of Civil Procedure and the Local Civil Rules of this district.

**Plaintiff is DIRECTED to contact the Clerk's office.  Plaintiff should ask for the assigned courtroom deputy and SHALL request to schedule a status hearing with the Court to discuss the status of this case and her intent to proceed with or without an attorney.  Plaintiff SHALL contact the Clerk's office <u>no later than August 3, 2026</u>.  Failure to contact the Clerk's office by this date to schedule a hearing may result in the dismissal of this litigation for want of prosecution.**

**Mr. Talmadge and Mr. Cummings SHALL ensure a copy of this order be delivered to Plaintiff at her last known address.  Mr. Talmadge and Mr. Cummings (either one) SHALL file a declaration <u>no later than July 15, 2026</u> confirming they caused a copy of this order to be delivered to Plaintiff.**

The Clerk is directed to calendar these events.

Dated this 10th day of July 2026.

David G. Estudillo
United States District Judge