UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TYAJAH WILLIAMS,<br>Plaintiff,<br>v.<br>RECOVERY INNOVATIONS INC et al.,<br>Defendants. | CASE NO. 3:24-cv-05496-DGE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LIMITED EXTENSION OF TIME TO OBTAIN COUNSEL (DKT. NO. 86) AND GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME (DKT. NO. 87) |

This matter comes before the court on Plaintiff Tyajah Williams' Motion for Limited Extension of Time to Obtain Counsel (Dkt. No. 86) and Defendants' Consent Motion to Extend Defendant's Pretrial Deadline (Dkt. No. 87).

## I. PLAINTIFF'S MOTION FOR LIMITED EXTENSION OF TIME TO OBTAIN COUNSEL (DKT. NO. 86)

Plaintiff Tyajah Williams filed a motion to extend the August 28, 2026 deadline for an attorney to file a notice of appearance on her behalf on September 11, 2026. (Dkt. No. 86.) Plaintiff requests the date be extended to September 25, 2026. (*Id.*)

Scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). Pursuant to Local Civil Rule 7(j), if an unforeseen emergency arises that prevents a party from meeting a deadline and from filing a motion for relief from that deadline, "the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court." LCR 7(j). The court, may for good cause, extend time on motion after the time has expired if a party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(2).

Here, Plaintiff filed the pending motion to extend the deadline for an attorney to file a notice of appearance two weeks after the deadline has passed. Plaintiff's motion does not indicate that she followed the procedure required by Local Civil Rule 7(j). Nor does Plaintiff describe any unforeseen emergency that prevented her from either meeting the August 28, 2026 deadline or requesting additional time prior to that deadline. Plaintiff indicates that she was aware of that deadline and has contacted over 20 potential attorneys since July. (Dkt. No. 86.) Though sympathetic to the time constraints of obtaining new counsel, because Plaintiff's failure to meet the previous deadline or request additional time prior to the deadline was not because of excusable neglect, the Court DENIES Plaintiff's pending motion.

Notwithstanding the denial of Plaintiff's extension request, an attorney may enter an appearance on Plaintiff's behalf if Plaintiff is able to retain counsel. The attorney, however, should expect that no continuances will be granted.

## II. DEFENDANTS' CONSENT MOTION TO EXTEND DEFENDANT'S PRETRIAL DEADLINE (DKT. NO. 87)

Defendant Recovery Innovations, Inc filed a Consent Motion to Extend Defendant's Pretrial Deadline on September 14, 2026. (Dkt. No. 87.) The motion requests a three-day

extension to extend the deadline to submit Defendant's Statement of the Case from September 15, 2026 to September 18, 2026 while the parties discuss a potential settlement. (*Id.*)

The Court finds good cause to amend this deadline for a limited three-day period because of the short and limited nature of the request and because of the indication the additional time will permit the parties to work together to reach resolution.

The Court, having reviewed the parties' pending motions, does hereby find and ORDER:

1. Plaintiff Tyajah Williams' Motion for Limited Extension of Time to Obtain Counsel (Dkt. No. 86) is DENIED.
2. Defendants' Consent Motion to Extend Defendant's Pretrial Deadline (Dkt. No. 87) is GRANTED. Defendants are now required to file their Statement of the Case on September 18, 2026.

The clerk is directed to calendar these events.

Dated this 14th day of September, 2026

David G. Estudillo
United States District Judge